
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10197 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-00582-JD-3 |
| v. | |
| JOHN LEE BERRY III, aka JB, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted July 11, 2018[**]
San Francisco, California

Before:  TASHIMA, GRABER, and HURWITZ, Circuit Judges.

A jury convicted Defendant John Berry III of agreeing to rig bids at home foreclosure auctions, in violation of the Sherman Act, 15 U.S.C. § 1.  The district court sentenced Defendant to 10 months' imprisonment followed by a period of supervised release.  We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

1. The government offered sufficient evidence for a reasonable juror to conclude that Defendant's conduct occurred "within the flow" of interstate commerce. McLain v. Real Estate Bd. of New Orleans, Inc., 444 U.S. 232, 235 (1980). Although all auctions at issue took place in Alameda County, California, the government offered evidence that those auctions functioned as "integral parts," Goldfarb v. Va. State Bar, 421 U.S. 773, 785 (1975), of various interstate transfers. For example, Danli Liu, one of Defendant's co-conspirators, testified that she won one of the rigged auctions and, as a result, sent a cashier's check to a trustee in Arizona. That same trustee later sent Liu, from Arizona to California, a partial refund in conjunction with the same sale. That testimony and other evidence, viewed in the light most favorable to the verdict, United States v. Ubaldo, 859 F.3d 690, 699 (9th Cir. 2017), cert. denied, 138 S. Ct. 704 (2018), supports the conclusion that the scheme at issue took place "within the flow" of interstate commerce, McLain, 444 U.S. at 235, 241–43.

2. Bid rigging is a per se violation of the Sherman Act. United States v. Green, 592 F.3d 1057, 1068 (9th Cir. 2010). To prove that a defendant committed a per se Sherman Act violation, the government need not prove that the defendant acted "with the purpose of achieving anticompetitive effects or with the knowledge that such effects likely would result." United States v. Brown, 936 F.2d 1042,

2

1046 (9th Cir. 1991). Rather, in such cases, the government need prove only that the defendant acted with the intent to enter the agreement at issue. Id. The government's evidence—for example, testimony that Defendant agreed to rig certain auctions—is sufficient to support that conclusion here. Defendant's argument that he failed to realize that bid rigging was not merely "normal practice in the industry" is unavailing because we must view the evidence in the light most favorable to the verdict. Ubaldo, 859 F.3d at 699.

**AFFIRMED.**